IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CV-118-F

| | | |
|---|---|---|
| SUSAN A. LOFTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY a/k/a NATIONWIDE INSURANCE COMPANIES, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion by defendant Nationwide Mutual Insurance Company a/k/a Nationwide Insurance Companies ("defendant") (D.E. 19, pp. 1-4) to compel discovery from plaintiff Susan Loftin ("plaintiff"). In support of its motion, defendant filed a memorandum (D.E. 20) and exhibits (D.E. 19, pp. 5-15). Plaintiff did not file a response. The motion was referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the motion will be allowed.

## BACKGROUND

Plaintiff, who is now proceeding pro se,[1] commenced this action in the Superior Court of Duplin County, North Carolina. (*See* Compl. (D.E. 1, pp. 5-6)). Defendant timely removed the action to this court. (*See* Notice of Removal (D.E. 1, pp. 1-3)).

In her complaint, plaintiff alleges that she was issued a policy of insurance by defendant on 2 October 2007. (Compl. ¶ 4). Pursuant to the terms of that policy, defendant agreed to insure plaintiff against any loss, including fire damage. (*Id.* ¶ 5). On 6 October 2007, plaintiff's home was

---

[1] Plaintiff was initially represented by counsel, but her counsel was permitted to withdraw by the court. (*See* D.E. 12).

damaged and destroyed by fire. (*Id.* ¶ 7). Plaintiff contends that under the terms of her policy with defendant, she is entitled to in excess of $100,000.00. (*Id.* ¶ 8). Defendant denies liability under the policy on grounds that the fire was intentionally set and not accidental (*see generally* Ans. (D.E. 4)).

Under the Scheduling Order in this case, initial disclosures were due from the parties by 1 December 2009. (*See* Sched. Order (D.E. 11) 2, adopting Proposed Disc. Plan (D.E. 7) ¶ 2). According to defendant, plaintiff did not provide initial disclosures by the due date and has not done so thereafter.

In January 2010, defendant served on plaintiff its first set of interrogatories, first requests for production of documents, and first request for admissions. Plaintiff served partial responses to the discovery requests (D.E.19, pp. 5-14). On 20 April 2010, defendant's counsel sent plaintiff a letter (D.E. 19, pp. 14-15) concerning her failure to produce initial disclosures incomplete responses. Plaintiff apparently did not respond to this letter.

## DISCUSSION

### A. Applicable Legal Standards

Rule 26(a)(1) of the Federal Rules of Civil Procedure[2] requires each party to provide certain information without receiving any request for it from other parties. Specifically, a party must provide the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for

---

[2] All rules referenced in this Order are rules in the Federal Rules of Civil Procedure.

2

impeachment; (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1).

The Federal Civil Rules also, of course, enable the parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 allows for the filing of a motion to compel where a party fails to provide initial disclosures as required. Fed. R. Civ. P. 37(a)(3)(A). The rule also provides for motions to compel discovery responses. *Id.* 37(a)(3)(B).

B. **Defendant's Motion**

In its motion, defendant contends that plaintiff has: (1) not provided initial disclosures, as discussed; (2) not answered interrogatories no. 2, 8, and 9; (3) not provided a verification for the interrogatory answers she did serve, as required by Rule 33(b)(3); and (4) not produced any documents sought in request for production no. 4 or produced full and complete copies of the documents sought in request for production no. 6. Defendant seeks an order compelling production of the missing information and documents. Having failed to respond to defendant's motion, plaintiff does not dispute defendant's contentions. The court therefore finds that plaintiff has failed to comply with her disclosure and discovery obligations as defendant contends.

The court has reviewed defendant's discovery requests and finds them within the permissible scope of discovery. It therefore ALLOWS the portion of defendant's motion seeking a directive compelling plaintiff to provide her initial disclosures and respond to the aforementioned discovery requests. **Subject to valid claims of privilege, as discussed below, plaintiff shall serve on defendant by 5 November 2010 the following documents: (1) complete initial disclosures; (2) complete responses to interrogatories no. 2, 8, and 9; (3) a verification for all her interrogatory answers, including those previously provided; (4) complete responses to requests for production no. 4 and 6; and (5) copies of all the documents sought in production requests no. 4 and 6.**

4

Because plaintiff did not respond to the aforementioned requests in a timely manner, any objections she may have to their relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Despite plaintiff's lack of objection, the court will permit plaintiff to claim privilege (including work product protection) in her responses to the interrogatories and document production requests. **To validly claim a privilege, plaintiff must expressly assert it in response to the particular discovery request involved and serve with her discovery responses a privilege log in conformance with Rule 26(b)(5)(A) that is duly signed by plaintiff (or her counsel, if she has one by then) pursuant to Rule 26(g). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.**

C. **Expenses**

Defendant asks that the court require plaintiff to pay the reasonable expenses, including attorney's fees, incurred in filing its motion to compel. Rule 37(a)(5)(A) provides that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the

5

Federal Rules of Civil Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733-34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions); *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380, 382 (N.D. W. Va. 2003) (holding party who prevailed on motion to compel discovery responses entitled to reasonable expenses where a good faith effort was made to obtain discovery and no legal authority existed for non-moving party's refusal to produce responses).

In this case, defendant's counsel wrote to plaintiff warning that, absent complete responses, it would file a motion to compel by a specified deadline. (*See* D.E. 19, p. 15). Plaintiff failed to respond to that letter. After the motion to compel was filed, plaintiff failed to file any response to it. The court accordingly finds that defendant made a good faith effort to resolve the discovery dispute before filing its motion to compel and that plaintiff has failed to comply with her obligations under the Federal Rules. Plaintiff's pro se status does not excuse her from compliance with the requirements of the Federal Rules or orders of this court. *Dancy v. Univ. of North Carolina at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. 3 Aug. 2009) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'") (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir.1989)).

Defendant's request for attorney's fees and other expenses is therefore ALLOWED. Defendant shall be awarded the reasonable attorney's fees and other expenses it incurred in bringing its motion to compel. Defendant shall file by 5 November 2010 an affidavit setting out such fees and

other expenses and, if it wishes, a memorandum of explanation. Plaintiff may file a response to defendant's filing by 19 November 2010. If plaintiff does not file a response by that date, the court will deem her to have no objection to the fees and other expenses claimed by defendant. The court will thereafter enter an order setting the amount due and the deadline for payment.

## CONCLUSION

For the reasons and on the terms set out above, defendant's motion to compel (D.E. 19, pp. 1-4), including the request for attorney's fees and other expenses therein, is ALLOWED. **Failure by plaintiff to fully comply with this Order by the deadlines specified shall subject her to the imposition of sanctions, which may include dismissal of all her claims with prejudice.** *See* **Fed. R. Civ. P. 37(b)(2).**

SO ORDERED, this 18 day of October 2010.

James E. Gates
United States Magistrate Judge

7