UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-00118-F

| | | |
|---|---|---|
| SUSAN A. LOFTIN,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | <u>O R D E R</u> |
| NATIONWIDE MUTUAL INSURANCE<br>COMPANY, a/k/a NATIONWIDE<br>INSURANCE COMPANIES,<br>    Defendant. | )<br>)<br>)<br>)<br>) | |

This matter is before the court on the defendant's Motion to Dismiss or in the Alternative for Summary Judgment [DE-44], and on the plaintiff's Motion to Seal [DE-49]. The defendant's Notice of Non-Compliance [DE-51] has been referred to the Magistrate Judge.

Plaintiff's Motion to Seal [DE-49] is ALLOWED. The Clerk is DIRECTED to maintain [DE-47] document under seal.

The Memorandum [DE-45] filed in support of the defendant's Motion to Dismiss [DE-44] cogently and correctly states the procedural history of this litigation and the law applicable to a party's non-compliance with the Federal Rules of Civil Procedure, the Local Rules (E.D.N.C.), and orders of the court. In support of defendant's contentions, defense counsel appended his affidavit and exhibits, including the plaintiff's responses to compelled discovery.

The plaintiff's Response [DE-48] urges the court not to dismiss her lawsuit because she has been waiting five years for the case to be heard. It is her position that she did, in fact, comply with all of Magistrate Judge Gates' orders, served on the defendant all requested discovery by certified mail in a timely manner, and produced all the responses and materials she can produce. She has not attached any additional exhibits or affidavits in response to the pending Motion to Dismiss.

Pursuant to Rule 37(b)(2), a court may dismiss a case for failure of a party to comply with orders of the court. Specifically, "[i]f a party fails to obey an order to provide or permit discovery the court in which the action is pending may make such orders in regard to the failure as are just," including "[a]n order dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." FED. R. CIV. P. 37(c)(2)(C). *See Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (dismissing a case with prejudice when plaintiff failed to cooperate in discovery and failed to comply with discovery orders). District courts are to consider the factors enunciated in *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 464 (4th Cir. 1977), in ruling on a motion to dismiss for non-compliance with discovery. The court finds that a majority of the *Wilson* factors support dismissal under Rule 37(b)(2).[1] *See* Memorandum [DE-45], at pp. 4-6.

Factors informing a court's consideration of a motion to dismiss for failure to prosecute under Rule 41(b), FED. R. CIV. P., even more strongly support the defendant's motion. *See, e.g., Calderon v. Aurora Loan Servs., Inc.*, ___ F. Supp. 2d ___, 2011 WL 201475, slip op. at *3 (E.D. Va. Jan. 19, 2011) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) (listing as factors the court's consideration of the "degree of personal responsibility on the part of the plaintiff,"[2] the "amount of prejudice to the defendant," the record, if any, of "a drawn out history of deliberately proceeding in a dilatory fashion," and whether "sanctions less drastic than dismissal" will be effective)); *see also* Memorandum [DE-45], at pp. 6-7.

By order of April 1, 2011 [DE-37], the court reviewed the procedural history of the case, noting the plaintiff's failure to maintain current contact information such that materials

---

[1] While the court declines to find that the plaintiff acted in "bad faith," the remainder of the *Wilson* factors lie strongly in the defendant's favor.

[2] Plaintiff's attorney was permitted to withdraw from representation by order [DE-12] of September 24, 2009. Plaintiff failed to obtain substitute counsel within the period allotted, and all responsibility for prosecuting the action thereafter fell on the plaintiff herself.

2

Case 7:09-cv-00118-F   Document 58   Filed 06/14/11   Page 2 of 3

concerning her lawsuit were returned as undeliverable, and considering plaintiff's failure to comply first with voluntary discovery, then to fully comply with compelled discovery. *See id.* Plaintiff's responses to the discovery subject to the Magistrate Judge's motion to compel are incomplete and otherwise insufficient to require the defendant to continue defending against plaintiff's allegations. As the party who instituted this lawsuit, it is the plaintiff's responsibility to diligently prosecute her complaint which includes her full, good faith participation in discovery.

The record herein reveals that the plaintiff has failed to comply with her responsibilities as a litigant in this court, or to offer good cause for why she has been unable to do so. Although the court affords them a generous interpretation where feasible, *pro se* litigants are subject to the rules of court just as are parties represented by counsel. The plaintiff has been afforded the benefit of liberal construction of her filings and numerous opportunities to satisfy the Federal and Local Rules, but she has failed without good cause to do so.

Accordingly, the defendant's Motion to Dismiss for Failure to Prosecute [DE-44] is ALLOWED, as is the plaintiff's Motion to Seal [DE-49]. The Clerk of Court is DIRECTED to remove this matter from the court's trial and pretrial calendars. The Clerk of Court further is DIRECTED *not* to close this case, pending an order addressing the plaintiff's alleged non-compliance with the order of October 18, 2010 [DE-42].

SO ORDERED.

This, the __14__ day of June, 2011.

JAMES C. FOX
Senior United States District Judge

3